NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD LU,<br><br>       Plaintiff-Appellee,<br><br> v.<br><br>SAUN D. JACKSON,<br><br>       Defendant-Appellant,<br><br> and<br><br>COUNTY OF RIVERSIDE; JAMES<br>HERINGTON; DOES, 1 through 10,<br><br>       Defendants. | No. 22-55457<br><br>D.C. No.<br>5:20-cv-01062-CBM-SHK<br><br><br>MEMORANDUM[*] |
| EDWARD LU,<br><br>       Plaintiff-Appellee,<br><br> v.<br><br>COUNTY OF RIVERSIDE; SAUN D.<br>JACKSON; DOES, 1 through 10,<br><br>       Defendants,<br><br> and | No. 22-55683<br><br>D.C. No.<br>5:20-cv-01062-CBM-SHK |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

JAMES HERINGTON,

      Defendant-Appellant.

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted July 14, 2023
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and JACKSON,[**] District Judge.

Defendant Deputies Saun Jackson and James Herington appeal the district court's denials of their motions for summary judgment on Edward Lu's ("Lu's") excessive force claim under 42 U.S.C. § 1983. We "review orders denying qualified immunity under the collateral order exception to finality." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022). "On interlocutory appeal, we review de novo a district court's denial of qualified immunity and view the facts in the light most favorable to [the nonmoving party]." *Estate of Aguirre v. Cnty. of Riverside*, 29 F.4th 624, 627 (9th Cir. 2022). The deputies are not entitled to qualified immunity if their "conduct (1) violated a constitutional right that (2) was clearly established at the time of the violation." *Ballou*, 29 F.4th at 421.

---

[**] The Honorable Brian A. Jackson, United States District Judge for the Middle District of Louisiana, sitting by designation.

1.  We reverse the district court's denial of qualified immunity to the Defendants for Lu's claim that the deputies used excessive force by pointing their guns at him during the execution of a valid search warrant. Defendants arrived at Lu's residence to execute a search warrant for evidence of marijuana cultivation and weapons. Defendants, along with other deputies, pointed their guns at Lu from the moment he exited his house until the deputies were able to put him in handcuffs and pat him down.

First, Defendants did not violate Lu's constitutional rights because pointing guns at Lu was reasonable force. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Connor,* 490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). It was not unreasonable for the deputies to point their guns at Lu until he was handcuffed. While Lu was calm and compliant, the deputies were executing a felony search warrant for drugs and firearms, which "is the kind of transaction that may give rise to sudden violence or frantic efforts to conceal or destroy evidence." *Michigan v. Summers*, 452 U.S. 692, 703 (1981). Defendants' interests in ensuring officer safety and facilitating an orderly search outweigh the intrusion on Lu's rights.

3

Second, even assuming a constitutional violation, there was no clearly established law at the time of the incident that would have alerted the deputies that pointing a gun in these circumstances violates the Fourth Amendment. In denying qualified immunity, the district court relied on *Robinson v. Solano County*, 278 F.3d 1007 (9th Cir. 2002). But *Robinson* is distinguishable. There, the officers were responding to a dispatch reporting a misdemeanor. *Id.* at 1014. The only factor favoring a use of force in *Robinson* was that Robinson had earlier been armed with a shotgun. *Id.* Here, the deputies were executing a valid felony search warrant for marijuana cultivation and weapons. At the time of the incident, it was not clearly established that while executing a felony search warrant for drugs and weapons, briefly pointing guns at a suspect until the deputies could handcuff him constituted excessive force.

2. We also reverse the district court's denial of qualified immunity to the Defendants for Lu's claim that the deputies' use of properly applied handcuffs was an unreasonable seizure. "[A] warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Summers*, 452 U.S. at 705. The "safety risk inherent in executing a search warrant for weapons [is] sufficient to justify the use of handcuffs." *Muehler v. Mena*, 544 U.S. 93, 100 (2005). Therefore, there was no constitutional violation.

4

**REVERSED.**